IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON FRENKEL, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH H. BAKER, *et al.*, | : | |
|     Defendants. | : | No. 13-5880 |
| | : | |

# MEMORANDUM

**Schiller, J.**                                                                                                                                             **April 14, 2015**

      Plaintiff Leon Frenkel moves for summary judgment on two counts of breach of contract against Defendant Kenneth Baker. For the following reasons, the Court grants Plaintiff's motion for summary judgment on these two counts. The Court further grants Plaintiff's request for a final judgment on these counts under Federal Rule of Civil Procedure 54(b).

## I.     BACKGROUND

      Frenkel's First Amended Complaint (FAC) asserted twenty counts against thirteen Defendants in connection with two distinct RICO schemes. This Court eventually granted default judgment on most counts against most Defendants. *Frenkel v. Baker*, Civ. A. No. 13-5880, 2014 WL 5697449 (E.D. Pa. Nov. 4, 2014). Although he did so belatedly, Baker was one of the few Defendants to appear in the case and this Court denied Frenkel's request for default judgment against Baker in part for that reason. *Id*. at *11-12.

      The FAC alleges two broad, overlapping conspiracies involving the fraudulent international purchase and sale of sugar, as outlined in this Court's prior opinion. *Id*. Frenkel's summary judgment, however, pertains only to Counts VI and XIV. Count VI asserts that Baker

and another Defendant, Baker Enterprises, breached a contract that promised to return to Frenkel a $250,000 deposit. Frenkel refers to this contract as the "SBLC Note" and the deposit as the "Frenkel Funds." Frenkel attached the SBLC Note to the FAC. (FAC Ex. H.) Count XIV asserts that Baker and Baker Enterprises breached another contract that promised to return to Frenkel a different $250,000 deposit. This contract is known as the "Sugar Note" and the deposit is the "Sugar Deposit." Frenkel attached the Sugar Note to the FAC. (*Id.* Ex. V.)

Baker does not dispute that Frenkel paid both the Frenkel Funds and the Sugar Deposit. Baker also does not dispute that neither the Frenkel Funds nor the Sugar Deposit have been returned to Frenkel. Baker admits that he signed the SBLC Note jointly and severally with Baker Enterprises. (Am. Answer and Affirmative Defenses of Kenneth Baker [Am. Answer] ¶ 41.) Baker also admits that he signed the Sugar Note, but denies that it was joint and several with Baker Enterprises. (*Id.* ¶ 95.) Baker admits that he made many subsequent promises to Frenkel after signing the notes that Baker would repay the Frenkel Funds and the Sugar Deposit, as well as interest and attorneys' fees. (*Id.* ¶ 104.) Baker denies that he ever received actual money from the Frenkel Funds or the Sugar Deposit, but does not dispute that Frenkel paid both deposits to mutually agreed-upon escrow agents. (Aff. of Def. Kenneth Baker, in Support of Denial of Pl.'s Renewed Mot. for Summ. J. [Baker Aff.] ¶ 38.) As defenses, Baker asserts the doctrines of unclean hands and equitable estoppel. (Def. Kenneth Baker's Mem. in Opp'n to Pl.'s Am. Mot. for Summ. J. [Def.'s Mem.], at 8-13.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine factual issue. *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992).

In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 655 (3d Cir. 2002).

### III. DISCUSSION

#### A. Breach of Contract

In Pennsylvania, a plaintiff asserting breach of contract must show: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract, and (3) resultant damages." *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010) (internal citation omitted).

Defendant asserts unclean hands and equitable estoppel as defenses. Unclean hands may apply where "(1) a party seeking equitable relief; (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith; (3) directly related to the matter in issue; (4) that injures the other party; and (5) affects the balance of equities between the litigants." *In re New Valley Corp.*, 181 F.3d 517, 522-23 (3d Cir. 1999). Equitable estoppel requires proof of "(1) a misrepresentation by

another party; (2) which [Defendant] reasonably relied upon; (3) to [Defendant's] detriment." *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987).

Frenkel is entitled to summary judgment for his claims of breach of contract in Counts VI and XIV. Baker does not dispute the existence of the promissory notes, which Webster attached to the Complaint, or the notes' essential terms. Baker does not dispute that he signed the notes. He also does not dispute that Frenkel has not been paid the $250,000 plus interest and fees which are due to him. Frenkel's prima facie case of breach of contract thus includes no material facts in dispute.

Baker's affirmative defenses of unclean hands and equitable estoppel fail for numerous reasons. First, both defenses are equitable in nature and cannot be raised as defenses to legal claims. A suit for money damages in a breach of contract is a quintessential legal, not equitable, matter. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565, 569-70 (1990). Thus, the Court will not apply these defenses to the claims at issue here.

The gist of Baker's defenses, however, appears to be fraud and misrepresentation, which are both proper legal defenses, and which are included among the elements of his equitable defenses. The Court construes Baker's brief as raising these defenses instead. These defenses nonetheless fail because Baker has made no claims as to what Frenkel allegedly misrepresented.

Baker states in his brief: "The actions of Frenkel were ones of enormous control and caused assurances of the parties involved. Such assurances acted upon Baker to cause him to be placed in the situation where he would enter into the subject notes, which were a creation of the world of this transaction as controlled by Frenkel." (Def.'s Mem. at 13.) Baker alleges that Frenkel "was the party in charge of all actions, negotiations, decisions, drafting and matters involved in this cause of action. . . . Frenkel controlled every aspect. He and his counsel vetted

everyone involved, he negotiated terms of the two money deliveries, he drafted . . . the agreements, he selected, vetted and approved the escrow agents." (*Id.* at 11.) Baker continues:

> Frenkel's actions . . . became the affirmance to Baker that all was in order and right with the world as to the parties involved for the transaction, and thus, Baker was led into the notes by the actions of Frenkel. Frenkel's actions took advantage of Baker through his conduct involved. While not evil or with bad intent, Frenkel created the whole situation which gave rise to Baker executing the notes. Frenkel's actions were such that his conduct now, in bringing breach of contract claims against Baker, is in the least being done in bad faith.

(*Id.* at 11-12.)

Even construing this language in the light most favorable to Baker, Frenkel being "in charge" of the trade deals does not equate to fraud or misrepresentation. Nothing about this situation excuses Baker from the fact that he—a sophisticated investor by his own admission—signed two straightforward promissory notes to Frenkel of his own free will. Baker does not identify any material fact about the notes or the deals that Frenkel misrepresented to him. The fact that Frenkel generally "vetted" the deals and apparently decided that the risks were acceptable to him does not mean that, for instance, Baker could not do his own investigation and arrive at his own conclusions, or refuse to sign whatever papers Frenkel put in front of him. Baker may not so easily disclaim his own agency in these transactions.

One further point in Baker's defense bears mention. In his Amended Answer, Baker admits to executing the SBLC Note joint and severally with Baker Enterprises. (Am. Answer ¶ 41.) He also admits to signing the Sugar Note, but denies that he did so jointly and severally. (*Id.* ¶ 95.) Baker did not explicitly raise this issue in his opposition to summary judgment, but the Court nonetheless finds that Baker and Baker Enterprises are jointly and severally responsible for both notes by their plain terms. Both notes begin with identical language: "Kenneth Baker, an

individual, jointly and severally with Baker Enterprises . . . (together herein referred to as 'Borrower')." (Am. Compl. Exs. H & V.) The signature blocks on both notes list "Kenny Baker" as a "Borrower" separately from "Baker Enterprises" as "Borrower," and Baker signed separately on behalf of himself as an individual as well as on behalf of his company. Particularly as Baker has admitted to joint and several liability for the SBLC Note, he may not reasonably argue that the identical, plain language of the Sugar Note does not also carry joint and several liability.

### B. Final Judgment

Finally, Frenkel asks that this Court direct a final entry of its judgment under Rule 54(b). To do so, the Court must first determine that "there is no just reason for delay." *Berckeley Inv. Grp. v. Colkitt*, 259 F.3d 135, 144-45 (3d Cir. 2001) (quoting Fed. R. Civ. P. 54(b)). The Court must then consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 140-41.

Baker has now filed an Amended Answer through counsel and this motion for summary judgment was fully briefed by both sides. Seeing no argument to the contrary, the Court finds that there is no just reason for delay in finalizing this judgment. As to the 54(b) factors, the Court concludes that they weigh in favor of a final entry of judgment. The breach of contract claims are relatively distinct from the rest of the complaint and rely on a circumscribed set of facts. For that

reason, the Court does not foresee that the need for review will be mooted by future developments in this Court or that the reviewing court would need to consider the same issue a second time. Baker has made no counterclaims which might off-set this judgment. Economic considerations weigh in favor of resolving these claims efficiently. The Court knows of no other miscellaneous factors that would prevent or weigh against entry of a final judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment against Kenneth Baker for breach of contract on Counts VI and XIV. The Court further grants Plaintiff's request to enter a final judgment under Rule 54(b). An Order consistent with this Memorandum will be docketed separately.