# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON FRENKEL,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KENNETH H. BAKER, et al.,** | : | **No. 13-5880** |
| **Defendants.** | : | |

## <u>SCHEDULING ORDER</u>

**AND NOW**, this **11th** day of **May, 2015**, following a Rule 16 conference on the record on May 11, 2015, with counsel for Plaintiff appearing in person and counsel for Defendant Kenneth Baker appearing by phone, and pursuant to Federal Rule of Civil Procedure 16 and Local Rule of Civil Procedure 16.1(b), it is hereby **ORDERED** that:

1. Counsel for all parties are strongly encouraged to resolve discovery disputes by themselves. In the event a discovery dispute requires court intervention, the parties shall first seek a telephone conference with the Court before filing any motion.

2. Counsel for Defendant Baker shall respond to all discovery so far demanded of him by **Friday, May 15, 2015**.

3. Defendant Baker shall be made available for deposition the week of **May 25, 2015**.

4. Any motions for leave to amend the pleadings and any motions for leave to join other parties shall be filed by **Friday, May 29, 2015**.[1]

---

[1] All requests for action by the Court shall be by motion, *see* Fed. R. Civ. P. 7(b), except for routine requests, which may be by letter to the Court with copies to all parties, indicating in such a letter whether the other parties consent to the request. Responses to all motions are due within the period prescribed by Local Rule 7.1(c). Court permission, by motion, is required before a party files a reply to a response to any motion. Any reply brief is limited to the issues raised in the response, and may not raise theories or issues not discussed in the original motion. Briefs accompanying motions and responses to motions are limited to twenty-five pages absent

5.      All fact discovery shall be completed by **Monday, October 26, 2015**.

6.      Pursuant to Federal Rule of Civil Procedure 26(a)(2), plaintiff's experts' identities and their reports (including any curricula vitae) shall be disclosed by **Monday, November 2, 2015**; defendants' experts' identities and their reports (including any curricula vitae) shall be disclosed by **Monday, November 9, 2015**.

7.      Any motions for summary judgment shall be filed by **Monday, December 7, 2015**.[2] Responses to any motions for summary judgment shall be filed within the time permitted under Local Rule of Civil Procedure 7.1(c). Briefs in support of motions for summary judgment and responses shall not exceed twenty-five pages absent leave of court. Motions for summary judgment and responses shall be filed in the form prescribed below, specifically:

    a.      The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which sets forth, in numbered paragraphs, all material facts which the movant contends are undisputed.

    b.      The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of Undisputed Facts, which the respondent contends present a genuine issue to be tried. The respondent shall also set forth, in separate numbered paragraphs, any additional facts which the respondent contends

_____

leave of Court.

[2] For claims arising under state law, counsel must brief the basis for choosing the applicable law, or submit a stipulation signed by all parties that the law of a particular state applies.

preclude summary judgment.

c.     All material facts set forth in the Statement of Undisputed Facts filed by the movant shall be admitted unless controverted by the opposing party.

d.     Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the title, page and line of the document supporting the statement. Failure of the movant to follow this procedure in all respects may result in the denial of the motion. Respondent's failure to comply may result in the Court's considering the motion as uncontested.

8.     A Final Pretrial Conference will be held on **Monday, January 25, 2016** at **8:30 a.m.** Forty-eight hours prior to the pretrial conference, the parties may submit to chambers a list of issues, no longer than two pages, which they wish to discuss at the conference.

9.     The parties will file a joint pretrial disclosure memorandum at least fourteen days before the final pretrial conference that will advise the Court fully with respect to the following:

a.     The equipment to be used by each party during trial, if any, including equipment already installed in the courtroom and equipment to be brought to the courtroom, and any arrangements for shared use of equipment.

b.     The presentation software to be used by each party during trial, if any, and whether each party is able to receive and use digital files of presentation materials prepared by the other.

    c.     Any expected use of videoconferencing.

    d.     The testing, inspection, compatibility, reliability, positioning, and backup for any equipment to be brought to the courtroom for trial. Each party will have adequate opportunity to inspect any equipment, except a computer containing privileged and work product materials, brought into the courtroom by the other party for use in making presentations during trial. Counsel will be expected to represent to the Court at the outset of trial that these matters have been dealt with satisfactorily. The Court expects no delays resulting from equipment failures that could have been anticipated.

10.    In lieu of pretrial memoranda or a Final Pretrial Order under Local Rules 16.1(d)(1) and (2), counsel shall submit a joint Pretrial Stipulation by **Friday, January 15, 2016**, containing:

    a.     Agreed facts. Counsel should make a conscientious effort to narrow the areas of dispute.

    b.     Each party's disputed facts.

    c.     A list of each party's witnesses and exhibits, the subject matter of each witness's testimony, other disclosures required by Rule 26(a)(3), and a realistic, good-faith estimate of the total time for trial. The parties should have pre-marked and exchanged all exhibits for trial. Any objections to the authenticity of evidence should be noted or will be considered waived. Objections pursuant to Rule 26(a)(3) are due seven days thereafter.

    d.     Proposed voir dire questions.

e.    A summary of the applicable law, including, in diversity cases, the basis for

choosing the applicable law.

f.    An alert to the Court of unusual legal issues which would serve as the basis for a

motion for a judgment as a matter of law (Fed. R. Civ. P. 50) or other dispositive

motion. The parties should state their contentions and the authority for those

contentions.

g.    The signed approval of trial counsel for each party.

11.    By **Friday, January 15, 2016**, counsel shall submit the following, with copies submitted

to chambers in hard copy form and on disk (in Word Perfect 10 format, if possible):

a.    Proposed points for charge. **For all disputed legal issues, include citations to**

**relevant authority or challenges on that point will be deemed waived**.

b.    Proposed jury verdict sheets.

12.    Final pretrial motions are due **Wednesday, January 13, 2016**.[3]

13.    A jury trial in the above-captioned case is set for **Monday, January 25, 2016**, at **9:30**

**a.m.** in Courtroom 13B.

14.    At the outset of the first day of trial, all counsel must submit two sets of pre-marked and

tabbed three ring binders containing all exhibits in the case. For physical ("real")

evidence, simply insert a tabbed page listing an exhibit number and enclose a short

description of the exhibit. If the documentation in the trial is so voluminous that the use

of binders is impracticable, counsel should notify the Court to make alternate

---

[3] Such motions are not to exceed ten pages. Parties are encouraged to submit pretrial
motions earlier, if possible.

5

arrangements.

15.    If agreeable to both parties, counsel for plaintiff shall telephone Chambers to schedule a settlement conference with a Magistrate Judge. Plaintiff's counsel shall promptly advise the Court of settlement of the case.

BY THE COURT:

_____

**Berle M. Schiller, J.**